UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARCUS MUKAI, *et al.*,

    Plaintiffs,

    v.

JAY A. FUHR, *et al.*,

    Defendants.

CASE NO. C04-1446RSM

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on defendants' Motion for Summary Judgment. (Dkt. #50). Defendants argue that they are entitled to summary judgment against plaintiff with regard to his Fair Labor Standards Act ("FLSA") claim and Washington Minimum Wage Act claim ("WMWA"). Defendants also argue that Roberta Fuhr should be dismissed from this litigation.

Plaintiff responds that there are genuine issue of material fact with regard to his wage claims, and therefore, summary judgment is not appropriate. Plaintiff further responds that Roberta Fuhr is a proper party to this case.

For the reasons set forth below, the Court disagrees with plaintiff and GRANTS defendants' motion for summary judgment.

ORDER
PAGE - 1

## II. DISCUSSION

**A. Background**

This consolidated case began as two separate actions – an adversary proceeding arising from a Chapter 11 bankruptcy, and a private action between plaintiff, Marcus Mukai, and defendants, Jay and Roberta Fuhr, who were all employees and/or officers of the companies involved in the bankruptcy proceeding. Currently before this Court are issues contained in the private action, which includes allegations of employment discrimination and wage claims arising under the FLSA and WMWA. The adversary proceeding has essentially settled, and is no longer before this Court. For ease of reading the following background, the Court omits the facts specifically relating to the bankruptcy proceeding and resulting adversary action.

Defendant Jay Fuhr is the founder and former President of Sage Electronics and Technology, Inc.[1] Defendant Roberta Fuhr is Mr. Fuhr's spouse, and also a former employee of Sage. Plaintiff Marcus Mukai is a former employee and officer of Sage.

Plaintiff was originally hired by Sage in 1998 as an Inside Sales Representative. Plaintiff alleges that he was not paid during the weeks he worked for Sage in December 1998.

On January 1, 1999, Jay Fuhr apparently told plaintiff that he would be paid as an independent contractor at $2,000 per month. Defendants allege plaintiff's wages were paid as "advances," which plaintiff would repay out of future commissions. However, plaintiff denies that he was ever informed that his wages were considered to be "advances."

In any event, beginning February 16, 1999, Jay Fuhr paid plaintiff as an independent contractor with payments of $3,000 per month. Then, beginning April 15, 1999, plaintiff was paid as both a salaried employee and an independent contractor, with payroll checks of $1,800

---

[1] Sage Electronic is one of the companies involved in the Bankruptcy action and adversary proceeding referenced above. Under the Debtors' Chapter 11 Plan of Reorganization, Sage Electronics and Technology, Inc., Pulse Power, Inc., and Sage Electronics, Inc. were consolidated into one entity under the name of Sage Electronics and Technology, Inc. These consolidated debtors will be referred to as "Sage" within this Order.

ORDER
PAGE - 2

per month and company vendor checks of $1,200 per month, for a total of $3,000 per month.

On June 30, 2000, plaintiff and Jay Fuhr were elected to the Board of Directors of Pulse Power, Inc. Jay Fuhr was elected President and CEO, and plaintiff was elected Vice President. (Dkt. #50 at 4).

In 2001, plaintiff and Jay Fuhr, acting as President of Sage, signed an agreement for plaintiff's employment. Beginning May 1, 2001 through the termination of his employment, plaintiff was to be paid on a commission basis pursuant to a commission plan for inside sales. (Dkt. #54 at 2-3). Plaintiff's employment was terminated by Jay Fuhr on May 15, 2002. (Dkt. #1).[2]

On June 22, 2004, plaintiff filed the instant lawsuit against defendants, asserting claims for minimum wage and overtime compensation under the FLSA and the WMWA. (C04-1446RSM, Dkt. #1). Plaintiff also alleges discrimination based on national origin.[3]

On November 2, 2005, defendants moved to dismiss plaintiff's FLSA claims, as well as his state law wage claims, arguing that plaintiff failed to state a cause of action and that he filed his suit after the statute of limitations had run. (Dkt. #46). This Court subsequently denied the motion to dismiss, concluding that plaintiff did appear to have a cause of action, that a three-year statute of limitations applied to that cause of action, and that plaintiff had not surpassed the limitation period at least insofar as his wage claims accrued during that period. At the same time, this Court declined to dismiss plaintiff's state law causes of action. (Dkt. #51). The instant motion followed.

---

[2] On May 21, 2002, Sage entered into Chapter 11 bankruptcy, and an adversary proceeding followed.

[3] In addition, plaintiff has also raised these claims in response to Sage's adversary complaint. Defendants have filed counterclaims against plaintiff personally arising from the matters alleged in Sage's adversary proceeding, and specifically alleging breach of fiduciary duties as an officer and director, fraud and fraud in the inducement, negligent misrepresentation, defamation and intentional or negligent infliction of emotional distress. (Dkt. #50 at 3). Plaintiff has subsequently filed a Motion for Summary Judgment regarding those counterclaims. (Dkt. #48). That motion will be addressed in a separate Order.

ORDER
PAGE - 3

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F. 2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weight evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F. 3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F. 2d at 747).

### C. Statute of Limitations

As a threshold matter, the Court first addresses defendants' statute of limitations argument. Defendants assert that plaintiff has failed to provide any accounting or total amount of lost wages claimed, or otherwise specify any wages due, or provide any evidence demonstrating that any cause of action for such wages accrued and was filed before the applicable statute of limitations had run. Accordingly, defendants argue that plaintiff's wage claims should be dismissed in their entirety. The Court agrees.

ORDER
PAGE - 4

This Court previously ruled in its Order denying defendants' motion to dismiss that a three-year statute of limitations applies to plaintiff's claim or claims. (Dkt. #51). Therefore, because plaintiff filed his Complaint on June 22, 2004, any wage claim having accrued prior to June 22, 2001, is barred by that statute of limitations.

In the instant case, the only specific evidence that plaintiff submits relating to unpaid wages pertains to wages earned in 1998. This evidence, contained in paragraph 4 of plaintiff's Declaration, comprises of plaintiff's statement that he was not paid anything during December 1998. That claim is clearly barred by the three-year statute of limitations.

With regard to claims that may have accrued during the relevant dates between 2001 and 2004, plaintiff provides no evidence demonstrating that he was owed, or that defendants failed to pay, overtime or other wages during that time. Indeed, plaintiff's conclusory arguments fail to provide even an indicia of evidence that such wages are owed. He has provided no timesheets showing any discrepancies between the hours worked and wages paid, no documentation of the dates he should have been paid, no bank statements showing paycheck deposits, or any other relevant proof that defendants owed and failed to pay overtime or other wages.

Plaintiff argues that defendants are still producing documents which are needed for him to calculate the total amount of lost wages. However, the Court finds this argument irrelevant, as the real issue is not the precise amount of damages alleged, but rather the lack of evidence demonstrating that such wages are even owed. As an aside, the Court also notes that discovery ended November 28, 2005, one month before defendants' motion was filed. Nothing in the record shows an extension of that discovery date, and plaintiff provides no proof that discovery continued past that date. Thus, it appears that plaintiff should have had all documents produced during discovery by the time he responded to the instant motion.

However, even if plaintiff was continuing to receive documents from defendants after the

ORDER
PAGE - 5

discovery cutoff date, at the very least he could have plainly asserted that he was not paid during the relevant time period of 2001 to 2004. He chose to provide no such date information to the Court. Moreover, he could have provided his own tables comparing what he was actually paid versus what he should have been paid, the dates he should have been paid, timesheets, or other relevant documentation demonstrating defendants' failure to pay proper wages. Yet, for some inexplicable reason, plaintiff fails even to provide that information anywhere in his Complaint or subsequent pleadings.

The Court specifically put plaintiff on notice of those discrepancies in its prior Order denying defendants' motion to dismiss. In light of that fact, the Court cannot now excuse plaintiff's failure to provide specific evidence or argument demonstrating that his wage claims accrued during the relevant limitations period. Accordingly, the Court agrees with defendants that plaintiff has failed to demonstrate that any cause of action for overtime pay accrued between June 22, 2001, and June 22, 2004. Thus, summary judgment in favor of defendants is appropriate, and plaintiff's FLSA wage claims will be dismissed.

Finally, the statute of limitations pertaining to plaintiff's state law wage claims is also three years, and therefore, plaintiff's wage claims arising under state law are also barred, and will also be dismissed. *See Seattle Professional Engineering Employees Association v. Boeing Co.*, 92 Wash.App. 214 (1998).

Because the Court finds that plaintiff's wage claims should be dismissed, it is not necessary for the Court to address defendants' remaining exemption arguments.

**D. Pendent Jurisdiction**

Plaintiff argues that even if his federal wage claim is dismissed, this Court should exercise its pendent jurisdiction of the state claims because substantial judicial resources have already been expended in this case. The Court agrees. It will continue to exercise its pendent jurisdiction over the remaining discrimination claim both because significant judicial resources

have already been expended in this case, and because that claim involves issues under the Washington Law Against Discrimination, which is a statute that is quite familiar to this Court. The Court further notes that it continues to exercise jurisdiction over any remaining claims or counterclaims arising from the consolidated adversary action.

### E. Roberta Fuhr

Finally, defendants argue that Roberta Fuhr should be dismissed from this litigation because the only basis for her joinder arises under the FLSA. To be held liable under the FLSA, a person must be an "employer," which § 3(d) of the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (1994). Defendants assert that Roberta Fuhr was not an officer or manager of the company, and she had no authority to control the terms and conditions of plaintiff's employment, and therefore cannot be held liable for his claims.

Because summary judgment will be granted on plaintiff's wage claims, the FLSA is no longer applicable in this litigation, and the Court finds that there is no basis for Roberta Fuhr to remain a party solely by way of FLSA's definition of "employer."

Additionally, plaintiff has not asserted that any acts of discrimination were committed against him by Roberta Fuhr, which would maker her a proper defendant on that claim. Thus, the Court concludes that summary judgment in favor of defendants is appropriate on this issue, and Roberta Fuhr should be dismissed from the litigation.

### III. CONCLUSION

Having reviewed defendants' motion for summary judgment (Dkt. #50), plaintiff's opposition (Dkt. #54), defendants' reply (Dkt. #55), the declarations in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Defendants' motion for summary judgment (Dkt. #50) is GRANTED.

(2) Plaintiff's wage claims are hereby DISMISSED. <u>It appears at this time that only</u>

<u>plaintiff's discrimination claim remains for trial</u>.  To the extent that any of defendants' counterclaims remain, those claims will be addressed in a separate Order.

(3) Roberta Fuhr is hereby DISMISSED as a defendant in this action.

(4) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 1st day of March, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE